Helen P. WASHBURN *v.* STUART'S MUFFLER SHOP & Alfred C. HENDERSON

74-81                                        513 S.W. 2d 913

Opinion delivered September 30, 1974

*Dodds, Kidd, Hendricks & Ryan,* for appellant.

*Whetstone & Whetstone,* by: *Bud Whetstone,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant was injured when struck by a motor vehicle driven by Alfred C. Henderson, the agent, servant or employee of Stuart's Muffler Shop. The incident occurred in the intersection of Broadway and Eighth Street in Little Rock, which is controlled by traffic lights. When struck, appellant was walking in a painted crosswalk provided for pedestrians. Appellant's sole point for reversal is the failure of the circuit judge to include Ark. Stat. Ann. § 75-627 (b) (Repl. 1957) as a part of AMI 601 (Violation of Statute or Ordinance as Evidence of Negligence) as she requested. We find no error and affirm.

The statute which appellant insists should have been included in the instruction is a part of § 76 of Act 300 of 1937 and reads thus:

(b) whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle.

Sec. 76 is a part of Art. X of the Act, which is entitled "Pedestrians' Right & Duties." Sec. 75 is the opening section of that article. It reads:

Section 75. *Pedestrians Subject to Traffic-Control Signals.* Pedestrians shall be subject to traffic-control signals at intersections as heretofore declared in this act, but at all other places pedestrians shall be accorded the privileges and shall be subject to restrictions stated in this article.

We take § 75 to be the introductory provision of this article and to govern the remaining sections including 76 (b). The latter section could not be applicable because of the traffic control signals at the intersection. Thus, we cannot say that appellant was "accorded the privileges" of § 76 (b) to the extent that Henderson could have eeen held guilty of a violation of the statute simply because he overtook and passed a vehicle stopped at the crosswalk to permit appellant to

cross the roadway. For this reason, there was no error in the trial court's refusal to include § 76 (b) in the instruction. This does not mean that a jury might not have found that appellant's conduct constituted negligence. It simply means that the court properly refused to tell the jury that a driver's overtaking and passing a vehicle stopped to permit appellant to pass was, in and of itself, evidence of negligence.

Since we make this disposition of the case on the merits, we do not consider appellee's argument that the judgment should be affirmed because of appellant's failure to designate sufficient record for review of the point relied upon by her and because of her failure to file a statement of the points to be relied upon, after having filed a less-then-complete record.

The judgment is affirmed.